*Smart v. USA Lab. for Hire, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

KATHYANN SMART,

> *Plaintiff-Appellee,*

v.                                             No. 24-1791

USA LABOR FOR HIRE, INC., RC GLOBAL ENERGY GROUP, INC., OLEG TSIMBLER,

> *Defendants-Appellants.*

---

For Defendants-Appellants:     Garry Pogil, New York, NY.

For Plaintiff-Appellee:     Steven Fingerhut, Alexandria Jean-Pierre, Phillips & Associates, Attorneys at Law, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Taryn A. Merkl, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 3, 2024 judgment of the district court is **AFFIRMED**.

USA Labor for Hire, Inc., RC Global Energy Group, Inc., and Oleg Tsimbler (together, "Defendants") appeal from the district court's denial of their motion for a new trial or remittitur on plaintiff Kathyann Smart's claims for a hostile work environment based on sex, gender, race, and color and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law (the "NYCHRL") and defamation under New York common law.[2]  We assume

---

[1] The parties consented to refer this case to a magistrate judge to conduct all proceedings, including trial, and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c).

[2] Defendants also challenge the district court's refusal to grant a new trial or remittitur on Smart's claims for a hostile work environment based on national origin and for discriminatory termination.  However, the jury found in favor of *Defendants* on those claims, so any arguments related to them on appeal are moot.

the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the denial of a motion for a new trial or remittitur for abuse of discretion. *See Sec. & Exch. Comm'n v. DiBella*, 587 F.3d 553, 563 (2d Cir. 2009); *Stampf v. Long Island R.R.*, 761 F.3d 192, 204 (2d Cir. 2014). "[A] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks omitted). We also review evidentiary rulings for abuse of discretion, but "[w]e will not vacate for a new trial . . . if any error was harmless, *i.e.*, where we can conclude with fair assurance that the evidence did not substantially influence the jury." *Sheng v. M&TBank Corp.*, 848 F.3d 78, 84 (2d Cir. 2017) (internal quotation marks omitted).

Defendants first argue that the district court should have granted a new trial or remittitur because there was insufficient evidence as to Smart's hostile work environment claims. Under Title VII, "[a] hostile work environment claim requires a showing [1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotation marks omitted). We analyze NYCHRL hostile work environment claims "separately and independently from federal . . . claims" because "the federal severe or pervasive standard of liability no longer applies to NYCHRL claims." *Mihalik v. Credit Argicole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). Nevertheless, "the NYCHRL is not a general civility code," and "a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory . . . motives or if the defendant proves the conduct was nothing more than petty slights or trivial inconveniences." *Id.* (citation and internal quotation marks omitted). Upon reviewing the record in this case, we conclude that there was ample evidence from which the jury could have reasonably concluded that Smart was subjected to a hostile work environment based on sex, gender, race, and color in violation of both Title VII and the NYCHRL. For example, Smart testified at length about how Tsimbler repeatedly used racially derogatory and sexist language in reference to her.

Despite this evidence, Defendants argue that a new trial or remittitur was warranted because the district court permitted Smart to introduce hearsay

4

concerning the meaning of Ukrainian terms that Tsimbler frequently used when referring to her. Although Smart acknowledged that she does not speak Ukrainian, she nevertheless testified that a co-worker told her that those words translated to a disrespectful, derogatory term for a woman. In response to Defendants' hearsay objection, the court instructed the jurors that the evidence was received only "for the fact that the statement was said and [Smart's] understanding of it," not "for the truth of the fact of what it means in Ukrainian." But even if we were to assume that the jury disregarded the court's instruction, the hearsay would be harmless in light of the wealth of other evidence supporting Smart's hostile work environment claims. *See United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994). Accordingly, we cannot say that the district court abused its discretion in denying Defendants' motion for a new trial or remittitur on this ground.

Defendants next argue that the district court should have granted a new trial or remittitur on Smart's retaliation claims because there was insufficient evidence for the jury to draw a causal connection between any protected activity that Smart engaged in and her subsequent termination. But Defendants did not raise this argument before the district court in their motion for a new trial or remittitur, and

"[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks omitted). Indeed, "we will generally not exercise our discretion where the forfeited argument was available to the parties below and they proffer no reason for their failure to raise the arguments below." *Siemens Energy, Inc. v. Petróleos de Venez., S.A.*, 82 F.4th 144, 160 (2d Cir. 2023) (alterations accepted and internal quotation marks omitted). Because Defendants could have raised this sufficiency challenge below and have not explained their failure to do so, we will not consider this argument for the first time on appeal.

Next, Defendants contend that Smart failed to prove that she was employed by USA Labor for Hire, Inc. Defendants explain that the 1099 tax forms Smart introduced into evidence only list RC Global Energy Group, Inc. and USALFH Corp., which is a "different legal entit[y]" from USA Labor for Hire, Inc. Defs. Br. at 12. But besides a fleeting statement in their motion for a new trial or remittitur that "there has not been any evidence of earnings from Defendant USA Labor For Hire, Inc.," Dist. Ct. Doc. No. 51-1 at 5, Defendants did not otherwise argue before the district court that USA Labor for Hire, Inc. was a distinct legal entity from

6

USALFH Corp. As we have explained, a party forfeits a challenge on appeal "when it was not fully briefed below and the [d]istrict [c]ourt did not have an appropriate opportunity to consider it in the first instance." *Siemens*, 82 F.4th at 160 (alterations accepted and internal quotation marks omitted). Accordingly, we conclude that Defendants have forfeited this challenge.

But even if Defendants had fully presented this argument below, we would still conclude that there was sufficient evidence of a constructive employment relationship between USA Labor for Hire, Inc. and Smart so as to permit liability under Title VII. *See Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 842–44 (2d Cir. 2022). For example, Smart testified that she was hired by USA Labor for Hire and that she was informed by Defendants' accountant that USA Labor for Hire and RC Global Energy Group were part of the same company. Likewise, Tsimbler testified that he was the manager for both defendant companies, that USA Labor for Hire and RC Global Energy Group performed the exact same work, and that he had the same responsibilities for both businesses. Furthermore, the evidence at trial amply demonstrated that Tsimbler – as a manager for the defendant companies – exercised control over Smart's hiring, salary, employment activities, and firing. On this record, we cannot say that the jury reached a seriously

7

erroneous result in concluding that an employment relationship existed between Smart and USA Labor for Hire, Inc.[3]

Defendants further assert that they were prejudiced by inflammatory comments that Smart's counsel made during opening statements regarding Defendants' purported exploitation of cheap labor from Grenada.[4]   But once again, Defendants did not contemporaneously object to these statements at trial, and thus did not provide the district court with an opportunity to cure any potential prejudice.   Under our precedent, that alone is reason to uphold the district court's refusal to grant a new trial or remittitur on these grounds.   *See Matthews v. CTI Container Transp. Int'l, Inc.*, 871 F.2d 270, 278 (2d Cir. 1989).

Finally, Defendants contend that there was insufficient evidence for Smart to prevail on her defamation claim because she did not prove that the individual

---

[3] In their opening brief, Defendants argue in a cursory fashion that Smart failed to prove that she was an employee rather than an independent contractor and that the evidence as to her lost wages was insufficient.   "It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]."   *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (internal quotation marks omitted).   Although Defendants address this issue more fully in their reply brief, "arguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court or raised them in a reply brief."   *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

[4] On appeal, Defendants also challenge two statements that Smart's counsel made during summations.   Because these statements were not challenged before the district court, we decline to reach them on appeal.   *See Nortel*, 539 F.3d at 132.

to whom Tsimbler made the defamatory comments actually believed those statements and Smart did not suffer special damages. But under New York law, a defamation plaintiff need not plead special damages for statements "imputing unchastity to a woman." *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992). Because Tsimbler's statement imputed unchastity to Smart, she did not need to prove that the listener believed him. Accordingly, the district court did not err in denying a new trial or remittitur on these grounds.

\* \* \*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court